UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**DOMINANT INVESTMENTS 113, LLC,**

      Plaintiff

v.

**UNITED STATES LIABILITY
INSURANCE COMPANY,**

      Defendant

**Case No.  1:16-cv-03081-RDB**

## <u>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, United States Liability Insurance Company ("USLI"), by and through its attorneys, Stacey A. Moffet and Eccleston and Wolf, P.C., hereby files this Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  USLI's Motion for Summary Judgment and Memorandum of Law in support thereof are incorporated by reference herein.

Plaintiff's Opposition fails to demonstrate any genuine dispute of facts material to Defendant's Motion for Summary Judgment and proffers only arguments based on incorrect statements of law to oppose Defendant's properly supported motion.  Plaintiff, as a matter of law, cannot establish a claim for either breach of contract or lack of good faith because Plaintiff was not entitled to coverage as Defendant properly rescinded the Policy based on a material misrepresentation in the application.  Contrary to Plaintiff's conclusory allegations which are based on the misapplication of the clear Rules of Evidence, Defendant has produced facts, admissible in evidence, establishing that Plaintiff was not entitled to coverage and, therefore, cannot establish its claims.  Even if Plaintiff's Opposition presents the appearance of factual disputes regarding the details of its claim and Defendant's investigations, none of the allegedly

disputed facts are material to whether Defendant was entitled to rescind the Policy due to the material misrepresentation.  Furthermore, Plaintiff's demands for discovery fail to establish that the demanded discovery is necessary to present facts essential to support Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  As there is no genuine dispute of material fact, summary judgment in favor of Defendant on all Counts of Plaintiff's Amended Complaint is appropriate as a matter of law.

I.      **Defendant's Motion is Supported by Facts Admissible in Evidence**

       *A.*      *The Factual Findings in the Decision of the Maryland Insurance Administration are Admissible under Federal Rule of Evidence 803 (8)(A)(iii)*

Plaintiff alleges that the decision of the Maryland Insurance Administration (hereinafter "MIA") is entirely inadmissible based on precedent that the decision cannot be the basis for *res judicata* and dicta from a case stating that the decision appears to be a "nullity".  Defendant does not argue that the decision has any preclusive effect and merely proffers the decision as evidence of the MIA's findings of fact.   Under Federal Rule of Evidence 803 (8)(A)(iii), an agency's findings of fact from a legally authorized investigation are presumptively admissible, including any factually based conclusions or opinions.  *Parker v. Allentown, Inc.*, 891 F.Supp.2d 773, 782-84 (D.Md. 2012)(*citing Beech Aircraft Corp. .v. Rainey,* 488 U.S. 153, 162-68 (1988)).  Despite Plaintiff's lengthy argument detailing cases rejecting the preclusive effect of a decision from the MIA, Plaintiff presents no argument or legal authority that the MIA Decision is not admissible as evidence of those findings of fact.

Furthermore, the case Plaintiff repeatedly cites to for the proposition that the MIA decision is a legal nullity, held only that, for the purposes of determining venue, the convenience to the MIA should not be a primary consideration because the MIA's role in the case was "virtually invisible" and "its record is not before the court," and the decision "***appears*** to be a

nullity". *Thompson v. State Farm Mut. Auto. Ins. Co.*, 196 Md.App. 235, 251 (2010)(emphasis added).   The Court of Special Appeals, in that case, further clarified that in so reasoning, it "express[ed] no view on whether, in the absence of [a provision equivalent to that applicable to review of a worker's compensation claim decision], a MIA or an ALJ decision, or the record in such proceedings, would be admissible in court under Md. Rule 5-803(b)(A)(iii)," which is the State equivalent of Federal Rule of Evidence 803 (8)(A)(iii).   *Id*. at 251, n. 23.   The only other authority Plaintiff cites, the *Fakhoury* case and the opinions of Judge Gelfman in *Kortagere*, merely address whether the MIA's decision can be used as a basis for *res judicata* and do not address the issue at hand regarding the general admissibility of the MIA's findings of fact. Contrary to Plaintiff's conclusory allegations, there is no authority precluding Defendant from introducing the MIA's findings of fact in its decision as evidence of those facts under Federal Rule of Evidence 803 (8)(A)(iii).   Therefore, the factual findings of the MIA, including that the Property was built prior to 1900, are admissible.

**B.     *The Affidavits of Jim Hardy and Donald Spence are Admissible Under Rule 56(c)***

Contrary to Plaintiff's allegations, the Affidavits of Jim Hardy and Donald Spence are based upon personal knowledge, set forth facts admissible in evidence, and demonstrate each affiant's competence to testify on the matters stated as required by FRCP 56(c).   Mr. Hardy's Affidavit recounts the investigation of the claim based upon Mr. Hardy's personal knowledge as the person undertaking that investigation.   Exhibit 4 to Defendant's Memorandum in Support of its Motion for Summary Judgment (hereinafter "Defendant's Memo"); *see* Am. Compl. ¶¶54, 58, 60; Affirmation of Jason Berk, attached as Exhibit 5 to Plaintiff's Opposition.   Mr. Hardy is clearly competent to testify regarding the conversations he had and the information he reviewed during the course of that investigation.   The contents of conversations that Mr. Hardy had during

the course of his investigation are not hearsay as they are offered merely to establish that a conversation occurred and not for the hearsay purpose of establishing the truth of those statements.  For the purposes of Defendant's Motion for Summary Judgment, Mr. Hardy's Affidavit is offered to establish the actions Defendant took in investigating the claim and the evidence and information Defendant knew or had available at the time it made its coverage determination.  Since the Affidavit is based upon Mr. Hardy's personal knowledge and is proffered for the non-hearsay purpose of establishing the content of conversations and not the truth of those statements, the Affidavit complies with the requirements of Rule 56(c).

Similarly, the Affidavit of Donald Spence sets forth facts regarding USLI's Underwriting Guidelines and procedures based upon his personal knowledge as Vice President of Underwriting.  Mr. Spence has personal knowledge of and is competent to testify with regard to Defendant's business records, specifically, the Underwriting Guidelines and the Submission Detail Report.  The Affidavit sets forth relevant facts regarding the materiality of the year the property was built to USLI's decision to issue a policy and the application process for this particular policy based on Mr. Spence's review of business records.  Both Affidavits of Mr. Hardy and Mr. Spence, set forth facts, admissible in evidence, based upon the personal knowledge of the affiant as required by Rule 56(c) for an affidavit in support of a Motion for Summary Judgment.

II.    **Plaintiff Was Not Entitled to Coverage Because the Defendant Properly Rescinded the Policy Based on the Material Misrepresentation in the Application**

    *A.    Maryland law permits an insurer to rescind a policy for a material misrepresentation in an application*

Plaintiff's argument that Defendant was not entitled to rescind the Policy relies on a misstatement of Maryland law and an unsupported disregard of clearly applicable precedent.

Under Maryland law, an insurer, as a party to a contract, has a common law right to rescind the contract based on a material misrepresentation in the application which formed the basis of that contract. *Encompass Home & Auto Ins. Co. v. Harris*, 93 F.Supp.3d 424, 432 (D.Md. 2015). The statute, cited and examined extensively by Plaintiff in its Opposition, which provides the requirements for notice when an insurer decides to <u>cancel</u> a policy, simply does not apply where an insurer seeks to void a policy *ab initio* for a material misrepresentation.  The mere fact that the statute states that a material misrepresentation is one of the limited circumstances in which an insurer can cancel mid-term does not render cancellation as the exclusive remedy for such a material misrepresentation.  Such an allegation is simply unsupported by the statutory language and is, in fact, contradicted by clearly applicable precedent recognizing a common law right to rescind a policy for a material misrepresentation.

While Plaintiff attempts to dismiss applicable precedent by focusing on the fact that the 2009 statutory amendment acknowledged that Maryland law permits midterm cancellations for material misrepresentations, it fails to address the fact that the original 2006 statute imposed the same 45-day notice requirement for midterm cancellations.  Plaintiff's Opposition, at 30-32; Exhibit 10 to Plaintiff's Opposition.  The language quoted by Plaintiff regarding the intent of the General Assembly makes clear that the amendment did not seek to change the requirements for notice in mid-term cancellations, but merely sought to clarify that such cancellations were permitted only in limited circumstances, including material misrepresentation in the application. Plaintiff's Opposition at 31-32.  Regardless, Maryland Courts have repeatedly acknowledged and upheld an insurance company's right to rescind a policy for a material misrepresentation in the policy application, irrespective of the statutory law requiring notice for policy cancellations or the particular type of policy at issue.  *Encompass*, 93 F.Supp.3d at 432; *Charter Oak Fire Co. v.*

*American Capital Ltd.*, Civil Action No. DKC 09-0100, 2016 WL 827380, at *12 (2016); *Mutual Ben. Ins. Co. v. Lorence,* 189 F.Supp2d 298, 301-302 (2002); *Certain Underwriters at Lloyd's, London v. Cohen*, 785 F.Supp.3d 886, 890 (4th Cir. 2015) (citing *Stumpf v. State Farm Mut. Auto. Ins. Co,*, 252 Md. 696 (1969)).

Contrary to Plaintiff's implication, *Certain Underwriters* did not rely on any statutory language or reference the particular type of insurance policy at issue in holding that, under Maryland law, a material misrepresentation in an insurance policy application justifies the rescission of a policy issued on the basis of that application.  *Certain Underwriters,* 785 F.Supp.3d at 890 *(citing Stumpf,* 252 Md. 696).  In both *Certain Underwriters* and *Encompass*, which were summarily dismissed by Plaintiff as inapplicable, the Court's recognition of the common law right to rescind was not dependent upon the facts of each case or the nature and language of the policy at issue, but rather conclusively summarized the state of Maryland law on rescission.  *Encompass*, 93 F.Supp.3d at 432; *Certain Underwriters,* 785 F.Supp.3d at 890. While the ultimate outcome of each case on the issue of coverage was dependent upon the particular facts, the cases demonstrate that Maryland recognizes a right to rescind for a material misrepresentation for all types of insurance policies.

Plaintiff's arguments that Policy language regarding procedures for cancellation, which echo the statute referenced by Plaintiff, are similarly irrelevant as Defendant had a common law right to rescind, separate and apart from any provision regarding notice requirements for cancelling an insurance policy.  Furthermore, the Policy provides that Plaintiff's Commercial Property Coverage is void if any "insured, at any time, intentionally conceal[s] or misrepresent[s] a material fact concerning: 1. This Coverage Part; 2. The Covered Property. Exhibit 1 to Plaintiff's Amended Complaint, at D.I. Policy No. 000087.  Defendant did not

<u>cancel</u> Plaintiff's insurance policy, but rather sought to <u>void</u> the entire Policy *ab initio*, as provided by Maryland law, due to a material misrepresentation in the application that formed the basis of that Policy.

There is no authority supporting Plaintiff's conclusory allegation that any common law right to rescind was statutorily abrogated by the notice requirements for cancellation.  Plaintiff cites *Van Horn* as support, but *Van Horn* was explicitly limited to automobile insurance policies and only held that the common law right to rescind was abrogated by the specific, compulsory automobile insurance statute which was intended to protect innocent third parties.  *Van Horn v. Atlantic Mut. Ins. Co.,* 334 Md. 669,694-95 (1994); *see also, North American Specialty Ins. Co. v. Savage,* 977 F. Supp. 725, 730 (D. Md. 1997) (holding that apart from the specific statutory scheme requiring compulsory automobile insurance, "the common law right to void a contract appears to have survived the *Van Horn* decision.").  There is no support for Plaintiff's argument that the recognized common law right to rescind was abrogated by the statute setting forth notice requirements for cancelling an insurance policy.

Maryland Courts have repeatedly and consistently held that insurers have a common law right to rescind a policy based on a material misrepresentation in the application for insurance. Plaintiff's argument regarding the impact of the statute imposing notice requirements for cancellation of insurance is unsupported and is contrary to clear, long-standing precedent regarding the right to rescind.

B.    ***There is no genuine dispute of any fact material to whether or not Defendant was entitled to rescind the Policy***

Despite Plaintiff's allegations regarding the process by which the application was filled out and a concocted dispute regarding the signature on that application, those facts are not material to whether there was a material misrepresentation in the application.   In order to

determine if an insurer can rescind a policy, "[f]irst, the Court must decide whether a misrepresentation occurred.  Second, the court must 'determine whether the misrepresentation was material to the risk assumed by the insurer.'"  *Encompass*, 93 F.Supp.3d, at 432 (quoting *Fitzgerald v. Franklin Life Ins. Co.,* 465 F.Supp. 527, 534 (D.Md. 1979)).  The undisputed facts establish that there was a false statement on the application and that the false statement was material to the risk assumed by the insurer, which entitled Defendant to rescind the Policy.  *See, Certain Underwriters*, 785 F.Supp.3d at 890.

Maryland law permits an insurer to rescind a "policy regardless of whether the material misrepresentation is made intentionally, or through mistake and in good faith."  *Fitzgerald*, 465 F.Supp. at 534.  Regardless of who input the information and/or who signed the application, the insured is responsible for any misrepresentations in an application submitted on its behalf to obtain a policy that insured is seeking to enforce because the insured is obligated to inform himself of the contents of that application.  *Serdenes v. Aetna Life Ins. Co.*, 21 Md.App. 453, 461 (1974); *see also, Encompass*, 93 F.Supp.3d. at 433 (quoting *Fitzgerald*, 465 F.Supp at 535).  While Plaintiff's Amended Complaint and Opposition raise questions regarding who provided the information and signed the application, Plaintiff does not allege that the signature on the application is a forgery or that Plaintiff did not accept and ratify the insurance Policy issued on the basis of that application.  Am. Compl. At ¶¶24, 27, 31; Plaintiff's Opposition, at 14-15.

Whether Plaintiff reviewed and signed the application prior to the issuance of the Policy is irrelevant as Plaintiff clearly knew of the Policy, which incorporated the application into its terms, and ratified it by accepting the Policy, paying premiums to maintain coverage under the Policy, and making a claim for benefits under that Policy.  Plaintiff's Opposition, at 16; Exhibit 1 to Plaintiff's Opposition at ¶14; *See, Blum v. Blum*, 59 Md.App. 584, 594-95 (1984).  Indeed it is

Plaintiff's demand that the Policy remain in force that forms the basis of this lawsuit.  It is undisputed that the Policy application stated that the Property was built in 1939 and that the Property was not built in 1939; therefore, it is undisputed that there was a false statement on the application.  Am. Compl. at ¶¶26, 122.

Furthermore, the facts demonstrate that the Property was built prior to 1900, in 1890. Tellingly, Plaintiff makes no allegation regarding when the Property was actually built and relies on Affidavits stating that the Plaintiff had no knowledge regarding when the property was built as support for its conclusory allegation that the Property was not built before 1900. Plaintiff's Opposition at 13(*Citing* Exhibits 1 and 2 to Plaintiff's Opposition).  After reviewing all records relating to the Property and the claim, including the SDAT and Deed records cited by Plaintiff, the MIA determined that the Property was built prior to 1900 and Plaintiff has proffered no facts, admissible in evidence, to dispute that fact.  Defendant's Memo at 22; Exhibit 7 to Defendant's Memo.  Plaintiff makes a conclusory allegation that there is a dispute of fact based solely on its assertion that the SDAT records indicated that the Property was built in 1900 without offering any allegation with regard to the date the property was actually built.  Without specific factual support, Plaintiff's unsubstantiated conclusions are insufficient to create a genuine dispute of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *see also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986).

Defendant produced facts admissible in evidence demonstrating that the year that the property was built was material to its decision to insure the Property.  A misrepresentation is material if, "reasonably careful and intelligent men would have regarded the fact, communicated at the time of effecting the insurance, as substantially increasing the chances of the loss insured

against." *Encompass*, 93 F.Supp.3d at 433 (quoting *Metro. Life Ins. Co. v. Samis*, 172 Md. 517 (1937)).  Maryland Courts have held that an affidavit from an insurer's underwriting department that a policy would not have been issued if the insurer had known of the misrepresented fact is sufficient to establish materiality as a matter of law.  *Essex Ins. Co. v. Hoffman*, 168 F.Supp.2d 547, 552 (D.Md. 2001)(*citing Bryant v. Provident Life and Accident Ins. Co.,* 22 F.Supp.2d 495, 499 (D.Md.1998)).  Defendant has presented an Affidavit from Defendant's Vice President of Underwriting and USLI's Underwriting Guidelines to demonstrate the undisputed fact that the Policy would not have been issued if Defendant had known that the Property was built before 1900.  Exhibit 1 to Defendant's Memo; Exhibit 2 to Defendant's Memo.  Plaintiff's vague and speculative allegations regarding the possible contents of the remainder of the Underwriting Guidelines are insufficient to create a genuine dispute of fact.  However, in an effort to demonstrate the speculative, fishing nature of Plaintiff's allegations and the absence of any genuine dispute, Defendant has produced the additional sections of its Underwriting Guidelines specifically requested in Plaintiff's Opposition, which do not dispute the fact that the year built was material.  *See* Additional Sections of USLI's Underwriting Guidelines, attached hereto as Exhibit 1.  Plaintiff has not and cannot dispute the testimony of Donald Spence that Defendant would not have issued the Policy if it had known of the actual date the property was built.

Plaintiff makes conclusory allegations that disputes of fact exist that warrant denying summary judgment; however, tellingly, Plaintiff fails to identify any authority demonstrating how those disputes are material to the issues presented in Defendant's Motion for Summary Judgment.  Plaintiff makes an attempt to create the appearance of a dispute with a speculative allegation that Defendant may have inspected the Property, and therefore, could potentially be estopped from rescinding for the misrepresentation.  Maryland law makes clear that "insurers do

not have a duty to investigate insurance applicants and are entitled to believe what an applicant claims to be true." *Savage*, 977 F. Supp., at 731.  Plaintiff presents no factual or legal basis for the allegation, which is based entirely on hypothetical conjecture, and it is therefore, insufficient to create a genuine dispute of fact.

Plaintiff's argument that there is a dispute merely because there is no testimony from the specific underwriter who issued this particular policy is similarly irrelevant and unsupported by any authority.  As outlined above, Plaintiff is bound by representations in the application so disputes over who entered information and who signed the application are immaterial. *Serdenes*, 21 Md.App. at 461.  Contrary to Plaintiff's allegations, there is no genuine dispute of any material fact created by the absence of an affidavit from the specific underwriter who reviewed this particular policy application.  Plaintiff has not cited any legal authority supporting its assertion that the testimony of the actual underwriter is required to establish materiality of a misrepresentation and Maryland Courts have held affidavits of supervisors in underwriting departments who did not underwrite the particular policy sufficient.  *Essex Ins.,*168 F.Supp.2d at 552.  There are no genuine disputes of any facts material to the misrepresentation on the application or its materiality and, therefore, whether Defendant was entitled to rescind the Policy.

It is undisputed that the application for insurance contained a misstatement of the year that the Property was built.  The undisputed testimony in the Affidavit of Donald Spence establishes that the year built was material and USLI would not have issued the Policy if it had known of the misrepresentation.  Under Maryland law, Defendant was entitled to rescind the Policy due to that material misrepresentation, which rendered the Policy void *ab initio*. Therefore, since Plaintiff was not entitled to coverage, Plaintiff, as a matter of law, cannot

establish that Defendant breached the insurance contract or failed to act in good faith in rescinding the Policy.

**III.    Disputes of fact regarding violations of conditions of coverage are not material to Defendant's Motion for Summary Judgment on Breach of Contract and Lack of Good Faith claims**

As outlined above and in further detail in Defendant's Memorandum in Support of its Motion for Summary Judgment, Plaintiff was not entitled to coverage since Defendant was entitled to rescind the Policy for the material misrepresentation.  Since Plaintiff was not entitled to coverage, as a matter of law, Plaintiff cannot establish its claims for Breach of Contract and Lack of Good Faith, regardless of whether Defendant was entitled to deny the claim for violations of conditions of coverage.   While resolution of whether Defendant could deny coverage on such basis is not necessary to decide in Defendant's favor on summary judgment, Plaintiff's arguments on that issue rely on speculative allegations and an incorrect, unsupported interpretation of unambiguous policy language.

Plaintiff's arguments rely on its conclusion that violations of the Policy's explicit Conditions of Coverage do not warrant denial of coverage as Plaintiff claims, incorrectly, that they only exclude coverage for specified losses.  Plaintiff's Opposition, at 42.  Plaintiff cannot cite any authority supporting this interpretation, which clearly contradicts the unambiguous language of the policy that provides that all coverage is dependent upon Plaintiff's compliance with the conditions.  Exhibit 1 to Plaintiff's Amended Complaint, at D.I. Policy No. 000003-000005; 000071.  As set forth in greater detail in Defendant's Memorandum in Support of its Motion for Summary Judgment, Plaintiff relies on the irrelevant Protective Safeguards Endorsement to support its interpretation despite the fact that Defendant's initial denial of coverage was based on the conditions of coverage imposed by the Building Renovation

Warranty and Vacant Building Protection Warranty Endorsements.  Defendant's Memo, at 24-25; Exhibit 6 to Plaintiff's Am. Compl.  Plaintiff argues that under the irrelevant Protective Safeguards Endorsement the sole function of the "structural work condition" is to exclude coverage for specified losses, but even that Endorsement cited by Plaintiff explicitly states that maintaining those listed safeguards is a condition of coverage, separate and apart from the exclusion for particular causes of loss.  Exhibit 1 to Plaintiff's Amended Complaint, at D.I. Policy No. 000058.  As a matter of law, Defendant was entitled to deny coverage for any claim, regardless of the particular cause of loss, for any violation by Plaintiff of any of the explicit Conditions of Coverage, including performing structural work or failing to secure against unauthorized entry. Plaintiff is simply incorrect in its interpretation of the Policy with regard to conditions of coverage.

Furthermore, in an effort to create a genuine dispute of fact, Plaintiff presents conclusory allegations, unsupported by any specific facts, that Plaintiff complied with those conditions by citing affidavits of individuals who may have visited and/or worked at the Property on some unknown number of occasions at unspecified times.  Plaintiff's Opposition at 42-44.  Tellingly, Plaintiff does not dispute the existence or veracity of a photograph showing a second-story window that was open.  Am. Compl. ¶108.  It is appropriate for this Court to determine the meaning of unambiguous Policy language that such language requires that a window be closed or secured in order to comply with the condition of securing against any unauthorized entry. *Winterwerp v. Allstate Ins. Co.*, 277 Md. 714, 717-718 (1976).  Since Plaintiff acknowledges the existence of a photograph depicting an open second-story window, as a matter of law, Plaintiff violated the condition of coverage requiring Plaintiff to fully secure the Property from any unauthorized entry.  Therefore, Defendant was entitled to deny coverage for violation of that

Condition of Coverage.  Moreover, the extent that any genuine disputes of fact exist with regard to Plaintiff's non-compliance with conditions of coverage, resolution of those disputes is not necessary to decide in Defendant's favor as Plaintiff was not entitled to coverage under the Policy, which was rescinded for the material misrepresentation.

### IV.     Plaintiff Fails to Present Sufficient Facts to State a Claim for Lack of Good Faith

Both Section 3-1701 of the Courts and Judicial Proceedings Article, the statute itself, and cases applying that statute make clear that a plaintiff cannot recover on a civil claim for lack of good faith unless the plaintiff prevails on breach of contract establishing that it was entitled to coverage.  Md. Code Ann., Cts. & Jud. Proc. §3-1701(e); *All Class Const. LLC v. Mutual Ben. Ins. Co.*, 3 F.Supp.3d 409, 417 (D.Md. 2014) (*citing Cecilia Schwaber Trust Two v. Hartford Acc. and Indem. Co.,* 636 F.Supp.2d 481, 488 n.6 (D.Md.2009)).  In *All Class*, the Court acknowledged this clear limitation because "a civil action under section 3-1701 only allows recovery of actual damages under the insurance policy, and no actual damages under an insurance policy can be claimed by one who is not entitled to coverage under the policy."  *All Class*, 3 F.Supp.3d, at 417.  Therefore, Plaintiff cannot establish a claim for lack of good faith because it was not entitled to coverage under the Policy which was rendered void *ab initio* by the material misrepresentation in the application.

Furthermore, Plaintiff's allegations are insufficient to establish a lack of good faith in Defendant's adjustment and denial of Plaintiff's claim.  In order to defeat a properly supported Motion for Summary Judgment, the opposing party "'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Nautilus Ins. Co. v. REMAC America, Inc.*, 956 F.Supp.2d 674, 682 (D.Md. 2013)(*quoting Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)).

Plaintiff's Opposition relies on recitations of the elements of the claim of lack of good faith set forth in its Complaint in order to argue it has set forth sufficient factual allegations to defeat Defendant's properly supported Motion for Summary Judgment. Plaintiff's Opposition at 48. A Complaint offering merely "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" is insufficient to defeat a motion to dismiss, let alone a Motion for Summary Judgment. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

The 'in-depth factual allegations" Plaintiff identifies in its Opposition are an incoherent combination of vague, contradictory allegations, unsupported by the cited sections of its Complaint, and inaccurate legal conclusions, which this Court is not required to accept for the purposes of considering summary judgment. *Twombly*, 550 U.S. at 555. Plaintiff's Opposition simultaneously alleges that Defendant failed to conduct a diligent investigation and that its lack of effort to obtain information form the basis of Plaintiff's claim, while also alleging that Defendant "interrogated workmen" and made continual demands for information and documents. Plaintiff's Opposition, at 22-23. The undisputed facts, based upon Plaintiff's Amended Complaint and the Affidavit of Jim Hardy, establish that Defendant retained Mr. Hardy to conduct an investigation of Plaintiff's claim, and that Mr. Hardy obtained some, but not all of the information needed to assess Plaintiff's loss claim. During the course of Mr. Hardy's investigation to obtain the information and documentation needed to evaluate the loss claim, he became aware that structural work was undertaken and that the property was not fully secured. Exhibit 4 to Defendant's Memo; Am. Compl. ¶¶54-84. Plaintiff alleges that Defendant acted in bad faith by refusing to accept Plaintiff's unsupported valuation of its loss because Defendant knew Plaintiff did not have the supporting documentation needed. Plaintiff's Opposition, at 22-

23.  However, the good faith statute does not require an insurer's "rote acquiescence to any claim for coverage made by the insured".  *Millenium Inorganic Chemicals Ltd. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 893 F.Supp.2d 715, 741 (D. Md. 2012).   Plaintiff lists factual allegations that it contends establishes Defendant's lack of good faith, most of which address Defendant's conduct and information available at this stage in the current litigation.  Plaintiff's Opposition, at 47-48.   Those allegations are irrelevant given that the Court's good faith assessment "focuses on the time at which the insurer's decision was made, not at a later point in subsequent litigation":  *All Class*, 3 F.Supp.3d, at 487-488.  Mr. Hardy's Affidavit regarding the information obtained during his investigation establishes the evidence and information that Defendant knew during the relevant time period and Plaintiff's allegations regarding what evidence Plaintiff can, and Defendant cannot, present during this stage of the current litigation is irrelevant to whether Defendant made an informed judgment based on the information available at that time.

The standard of good faith requires only that the insurer make "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim."  *All Class,* 3 F.Supp.3d, at 415 (*citing* Md.CodeAnn., Cts. & Jud. Proc. § 3–1701(a)(4)).  Plaintiff offers conclusory allegations that Defendant's initial claim denial for violations of conditions of coverage was wrong because no such violations occurred, but fails to identify any information or evidence that Defendant knew or should have known at the time of its initial determination that Defendant failed to honestly assess in reaching that allegedly wrongful determination.   Plaintiff's Opposition at 47. Defendant provided clear explanations to Plaintiff regarding the basis for and evidence supporting its initial denial and for its ultimate determination that the Policy was void based on

16

the material misrepresentation in the application.  Am. Compl. ¶¶100-101, 109, 117.  Plaintiff

merely alleges that it disputes the factual allegations underlying Defendant's determination, but

"the fact that plaintiffs ultimately were unable to persuade the insurers to change their mind does

not mean that the Insurers failed to act in good faith." *Millenium*, 893 F.Supp.2d, at 741.  Since

Plaintiff has failed to "produce some evidence from which a jury could find…that the Insurers

did not make an "informed judgment based on honesty and diligence supported by evidence the

insurer knew or should have known at the time," Defendant is entitled to summary judgment on

the claim for lack of good faith.  *Id*. at 742.

**V.   Plaintiff's Affidavit Is Insufficient to Establish that Discovery is Required Under Rule 56**

Plaintiff fails to provide any argument regarding the discovery it needs in order to

properly respond to Defendant's Motion for Summary Judgment and merely alleges that

discovery is needed because no discovery has yet been conducted.  Plaintiff's Opposition, at 50.

In support of its conclusory assertion, Plaintiff merely offers the Affidavit of Moshe Rubin,

which lists items that Plaintiff would like the opportunity to discover without alleging how such

discovery is needed to reply to the instant Motion.  Under Rule 56(d), requests for discovery in

response to a Motion for Summary Judgment, "'cannot simply demand discovery for the sake of

discovery.'" *Nautilus*, 956 F.Supp.2d, at 683 (*quoting Hamilton v. Mayor & City Council of*

*Balt.*, 807 F.Supp.2d 331, 342 (D.Md. 2011).  More specifically, Courts have held that "Rule

56(d) does not authorize 'fishing expedition[s].'" *Id.* (*citing Morrow v. Farrell*, 187 F.Supp.2d

548, 551 (D.Md. 2002), *aff'd*, 50 F.App'x 179 (4th Cir. 2002)). The Affidavit that Plaintiff relies

upon identifies documents and/or information that it speculates exist and could be recovered in

discovery; however, the lack of specificity and speculative nature of those requests clearly

demonstrate Plaintiff would like the opportunity to search for those items.  However, Plaintiff

fails to allege any information sought in discovery that would create a genuine dispute of fact material to the issues presented on Summary judgment.

Maryland Courts have held that a Rule 56(d) request for discovery must be denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.,* 55 F.3d 943, 953 (4th Cir.1995); *see also*, *Amirmokri v. Abraham*, 437 F.Supp.2d 414, 420 (D.Md.2006). Plaintiff's Rule 56(d) affidavit sets forth a number of items it demands the opportunity to discover, which on their face have no relevance to Plaintiff's allegations, let alone any of the issues presented in the Motion for Summary Judgment, including Defendant's cause and origin report on the fire, Defendant's estimate, and Defendant's claims logs. Exhibit 1 to Plaintiff's Opposition. Plaintiff merely proffers a list of the items or issues it believes it could find during the course of discovery without identifying any evidence that would create a genuine issue of material fact. Clearly Plaintiff was able to thoroughly respond to Defendant's Motion for Summary Judgment, with a Memorandum in excess of 50 pages, detailing its application for insurance, the Policy, Defendant's investigation of its claim, and Defendant's denial. Plaintiff does not and cannot allege "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (*quoting Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir.1996)). Therefore, there is no basis upon which this Court needs to permit time for additional discovery before ruling on this Motion for Summary Judgment.

## CONCLUSION

As set forth above, Plaintiff's claims for breach of contract and lack of good faith fail, as a matter of law, because Defendant was entitled to rescind the Policy due to a material

misrepresentation in the Application.  Additionally, Plaintiff's claim for lack of good faith fails, as a matter of law, to set forth any facts sufficient to state a claim for relief.  Accordingly, judgment should be entered in favor of Defendant, United States Liability Company, on Counts I and II of Plaintiff's Amended Complaint.

**WHEREFORE,** Defendant, United States Liability Company, respectfully requests that this honorable Court enter an Order for judgment in its favor on all Counts of the Plaintiff's Amended Complaint, and that the Court award such other and further relief as deemed just and proper under the circumstances.

Respectfully submitted,

*/s/Stacey A. Moffet*
Stacey A. Moffet (Bar N0. 23025)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: moffet@ewmd.com
*Attorney for  Defendant United States*
*Liability Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2016, a copy of the foregoing was served by

electronic mail to:

C. Thomas Brown, Esq.
Silver & Brown, P.C.
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
*Attorney for Plaintiff*

/s/Stacey A. Moffet
Stacey A. Moffet