# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DOMINANT INVESTMENTS 113, LLC, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No.: RDB-16-3081 |
| | * | |
| UNITED STATES LIABILITY | | |
| INSURANCE COMPANY, | * | |
| | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Dominant Investments 113, LLC ("Dominant" or "plaintiff") has filed a two-count Amended Complaint (ECF No. 12) against United States Liability Insurance Company ("USLI" or "defendant") alleging breach of contract and breach of the statutory duty of good faith under § 3-1701 of the Maryland Code, Courts and Judicial Proceedings Article, based on USLI's rescission of the commercial property insurance policy issued to plaintiff by USLI on December 4, 2014.[1]

Now pending before this Court is defendant USLI's Motion for Summary Judgment ("Defendant's Motion"). (ECF No. 15.) The parties' submissions have been reviewed.[2] In

---

[1] The original Complaint in this case was filed in the Circuit Court for Baltimore County, Maryland on September 6, 2016. (ECF No. 2.) Defendant subsequently removed the case to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) Plaintiff filed its Amended Complaint as of right on September 26, 2016. (ECF No. 12.)

[2] The Court notes that plaintiff filed a Supplemental Brief (ECF No. 31) in contravention of this Court's Local Rule 105.2(a). While the submission might have been rejected on this basis, this Court chose to consider the Supplemental Brief and to allow defendant an opportunity to respond. Defendant timely filed its Supplemental Brief on March 23, 2017. (ECF No. 32).

addition, the Court conducted a hearing on Defendant's Motion on March 17, 2017. (ECF No. 29.) For the reasons stated below, Defendant's Motion is GRANTED, and Summary Judgment shall be ENTERED in favor of USLI on both counts of the Amended Complaint.

## BACKGROUND

In ruling on a Motion for Summary Judgment, this Court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Plaintiff purchased an improved real estate property located at 5008 Cedar Avenue, Baltimore, Maryland 21227 (the "Property") on or about December 10, 2014 for the stated purposes of renovating that Property. (ECF No. 12 at ¶ 14.) Public real property records indicate that plaintiff paid approximately $155,000 for the property. (ECF No. 12-5.) Acting on behalf of plaintiff, Michael Gottlieb, an insurance broker-agent of Herman E. Wealcatch, Inc., accessed defendant's website to generate a quote for a Commercial Property Policy for the Property on December 1, 2014. (ECF No. 12 at ¶¶16-17.) The quoting software generated a partially completed application, which was then sent to Gottlieb for approval by the Dominant, the applicant. (*Id.* at ¶¶ 22-24.) On December 1, 2014, plaintiff or its agent completed the remainder of the application by hand. (ECF No. 12-2.) The application, which purports to be signed by Mr. Moshe Rubin on behalf of plaintiff, lists the year the Property was built as 1939.[3] (*Id.*)

---

[3] At the March 17, 2017 hearing, plaintiff's counsel proffered that the application was not in fact signed by Mr. Rubin, but, rather, by the broker-agent Gottlieb.

The insurance application repeatedly requires the applicant to affirm that all information contained in the application is true and correct.   The first page of the Commercial Package application states:

> "You or your agent provided the information used to complete the questions below. Please answer all remaining questions in the space provided. By signing this application you are warranting that all information on this application is true and correct."

(ECF No. 12-2).   The final page of the application, above the signature, contains an Applicant's Warranty Statement, which, in part, states:

> "I warrant that the information provided in this Application, and any amendments or modifications to this Application are true and correct. I acknowledge that the information provided in this Application is material to acceptance of the risk and the issuance of the requested policy by Company."

(ECF No. 12-2.)  Finally, the Application includes an acknowledgement that, "a breach of this WARRANTY STATEMENT is grounds for Company to declare void any policy or policies issued in reliance thereon and/or deny any claim(s) for coverage thereunder."  (ECF No. 12-2.)   In addition, the Application for the Policy specifically required plaintiff to warrant that no structural renovations will be on-going and that the property will remain locked and secured for the policy term. (ECF No. 12-1, 12-2.)

On December 4, 2014, defendant issued a Commercial Property Insurance Policy covering the Property, Policy Number CP1603884 ("the Policy").   (ECF No. 12 at ¶ 30.) This Policy provided Commercial Property Coverage and Commercial Liability Coverage from December 2, 2014 to December 2, 2015.   (*Id.*)   Under the Commercial Property Coverage, the Policy's Insuring Agreement provides that USLI "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused

by or resulting from any Covered Cause of Loss." The policy limits totaled $285,000. (ECF No. 12 at ¶¶ 49-51.)

On February 17, 2015, plaintiff submitted a claim, identified as Claim Number K088346 ("the Claim"), under the Policy, reporting that there was a fire at the Property on February 17, 2015 resulting in a total loss. (ECF No. 12 at ¶¶ 42-47.) Both parties undertook investigations of the fire through their respective claims adjusters. (*Id.* at ¶¶ 54-55.) On April 1, 2015, plaintiff provided to defendant's adjuster Mr. Hardy a damage estimate prepared by Atlantic Estimating, LLC, which totaled $510,614.98, for a complete rebuild of the structure after renovation without separating costs for improvements from building value. (*Id.* at ¶ 42.)

During its investigation of plaintiff's claim, defendant obtained photographs of the Property, which were taken on several different dates prior to the fire, that showed multiple unsecured windows, in the foundation and on the first and second floors, which suggested that the Property was not fully secured and locked as required by the Policy. (ECF No. 28-6.) Defendant also discovered evidence that plaintiff had performed structural work on load-bearing members, again in possible violation of the policy. (ECF No. 15-6 at ¶ 29.) For these reasons, defendant sent plaintiff a letter on August 14, 2015 denying coverage based on these violations of the policy. (ECF No. 12-8.)

Subsequently, on September 17, 2015, defendant sent a letter to plaintiff stating that the Policy was rescinded based on a material misrepresentation in the Application regarding the date the Property was constructed. (ECF No. 15-8.) The letter stated that during the investigation of the claim, defendant determined that the Property was built in 1890. (*Id.*)

The Application for insurance submitted on behalf of plaintiff, however, stated that the property was built in 1939. (*Id.*) The letter notified plaintiff that the Policy was rescinded—not cancelled—and enclosed a check to plaintiff in the amount of $961.00 as a full refund of premiums paid for the Policy. (*Id.*)

As required under Maryland insurance law, plaintiff filed a statutorily-mandated complaint with the Maryland Insurance Administration ("MIA") alleging that defendant improperly denied its claim and failed to act in good faith in its denial and rescission of the policy.[4] (ECF No. 12 at 2.) Following the MIA's decision, plaintiff filed a two count complaint in the Circuit Court for Baltimore County on July 13, 2016, alleging breach of contract and lack of good faith and seeking $411,633.00 in damages. (ECF No. 2.) Defendant was served on August 4, 2016, and timely removed the case to this Court on the basis of diversity of citizenship jurisdiction on September 6, 2016. (ECF No. 1.)

Defendant moved to dismiss plaintiff's Complaint on September 9, 2016. (ECF No. 8.) Plaintiff did not oppose defendant's motion, but instead filed an Amended Complaint (the now operative pleading) on September 26, 2016. (ECF No. 12.) On October 10, 2016, defendant filed the now-pending Motion for Summary Judgment. (ECF No. 15.)

Prior to the hearing, defendant filed a Supplement to its Motion for Summary Judgment. (ECF No. 28.) Defendant's Supplement produced several exhibits which had been omitted from the Motion itself.

---

[4] For the reasons set forth on the record at the March 17, 2017 hearing, this Court GRANTED IN PART and DENIED IN PART plaintiff's Motion to Strike (ECF No. 16). Specifically, Exhibit 7 to Defendant's Motion—the MIA's Opinion—was stricken for purposes of the summary judgment motion, as it addresses an ultimate issue in the case. *See* ECF No. 30.

Following the hearing of March 17, 2017, plaintiff submitted a Supplemental Filing (ECF No. 31) in contravention of this Court's Local Rule 105.2(a).  Rather than reject the Supplemental Filing, which sets forth new legal arguments by plaintiff, the Court permitted defendant to file a Supplemental Response.  (ECF No. 32.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.  *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary

judgment stage).   Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility.  *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014).

## DISCUSSION

### A.  Count I (Breach of Contract)

Defendant moves for summary judgment as to both counts of the Amended Complaint on the basis that it properly rescinded the insurance policy as a result of plaintiff's material misrepresentation regarding the year the property was built.  (ECF No. 15-1 at 19.) Specifically, defendant asserts that plaintiff's statement in the insurance application that the property was built in 1939 is both a misstatement—as it was built in 1890—and material—as defendant does not and would not have issued the insurance policy for a property constructed before 1900.  (*Id.* at 24.)  Thus, defendant was entitled under common law contract principles to rescind the policy, which it did by sending plaintiff a letter dated September 17, 2015 and returning the premiums paid.  (*Id.* at 25.)

Plaintiff only passingly responds to defendant's argument regarding defendant's right to rescind the Policy, merely asserting that it would be "unreasonable" and contrary to public policy to give effect to the common law contract remedy of rescission.  (ECF No. 17 at 45.) In support of this argument, plaintiff argues that §27-603 of Maryland's insurance statute and the terms of the policy itself, defendant was required to give 45 days' notice before 'cancelling' the policy.  (ECF No. 17 at 34-42.)  Md. Code Ann., Ins. § 27-603(c)(1).  As defendant did not give this notice, plaintiff asserts, defendant was not entitled to 'cancel' the policy as it did on September 17, 2015.  (*Id.*)  Thus, plaintiff argues, defendant breached the insurance contract and is not entitled to summary judgment.  Plaintiff further asserts that,

even if defendant was entitled to rescind the contract, there exist genuine issues of material fact regarding: (1) the date when the property was built; (2) whether Mr. Rubin signed the insurance application, and, thus, (3) whether plaintiff made any misrepresentations to defendant; and (4) the materiality of the alleged misrepresentation.  (*Id.* at 47-48.)

Plaintiff's argument regarding defendant's allegedly wrongful 'cancellation' of the policy is inapposite.  To the contrary, this Court has held that a court "may declare an insurance policy void *ab initio* if it finds that an insurer issued a policy in reliance on a material misrepresentation in the application." *Encompass Home & Auto Ins. Co. v. Harris*, 93 F. Supp. 3d 424, 432 (D. Md. 2015) (citing *Scottsdale Ins. Co. v. Nat'l Ctr. on Insts. & Alts., Inc.,* WDQ–04–2356, 2005 WL 1367079, at *2 (D. Md. June 7, 2005)).  The court "must engage in a two-pronged inquiry to determine whether the insurer may validly rescind the policy. First, the court must determine whether a misrepresentation occurred. Second, the court must determine whether the misrepresentation was material to the risk assumed by the insurer." *Harris*, 93 F.Supp.3d at 432 (internal citation omitted) (quoting *Fitzgerald v. Franklin Life Ins. Co.,* 465 F. Supp. 527, 534 (D.Md.1979)), *aff'd*, 634 F.2d 622 (4th Cir. 1980)).

### 1.  The Insurance Application Contains a Factual Misrepresentation

The undisputed record before this Court reflects that the insurance application contains a factual misrepresentation regarding the year the property was built.  The application states that the year that the property was built was 1939.  (ECF No. 12-2 at 1.) However, this Court takes judicial notice[5] of the fact that the Maryland Historical Trust's

---

[5] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'"  *Auto USA, Inc. v. DHL Express (USA), Inc.*, ELH-16-3580, 2017 WL 839525, at *3 (D. Md. Mar. 3, 2017) (quoting *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d

Maryland Inventory of Historic Properties states that the property was built in 1890.[6]  *See also* Hardy Aff., ECF No. 15-6 at ¶ 26 (referring to the Inventory).  Crucially, plaintiff is unable to point to any evidence (and thus raise a genuine issue of material fact) suggesting that the house *was* built in 1939.[7]  *See* ECF No. 17.  The insurance application clearly contains a misrepresentation regarding the year the property was built.

### 2.  Plaintiff is Bound by the Misrepresentation in the Insurance Application

Plaintiff also challenges whether Mr. Rubin actually signed the insurance application, and, thus, whether plaintiff made any misrepresentations to defendant.  It is well established under Maryland law that a misrepresentation need not be an actual statement.  *John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Adams,* 205 Md. 213, 107 A.2d 111 (Md. 1954).  Indeed, "a material misrepresentation made by an applicant may void an insurance policy "whether it is made intentionally, or through mistake and in good faith."  *Encompass Home & Auto Ins. Co. v. Harris*, GLR-12-2588, 2013 WL 6095496, at *5 (D. Md. Nov. 19, 2013) (quoting *Hancock* 107 A.2d at 221).  *See also Fitzgerald,* 465 F. Supp. at 534 ("The insurer may avoid the policy regardless of whether the material misrepresentation is made intentionally, or through mistake and in good faith."); *Scottsdale Ins. Co.,* 2005 WL 1367079, at *3; *Hofmann v. John Hancock Mut. Life Ins. Co.,* 400 F. Supp. 827, 829 (D. Md. 1975) ("[A] material

---

500, 508 (4th Cir. 2015).  Pursuant to Federal Rule of Evidence 201, "a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Id.* (citing Fed. R. Evid. 201).

[6] Maryland Inventory of Historic Properties, Inventory No. BA-2382.  Available at:
http://mht.maryland.gov/mihp/MIHPCard.aspx?MIHPNo=BA-2382 (accessed March 20, 2017).

[7] Similarly, even plaintiff's Amended Complaint recognizes that the property was not built in 1939: "public records (SDAT)…in this case reflected the Structure as being built in 1900."  (ECF No. 12 at ¶ 20; ECF No. 12-5.)

misrepresentation…in an application invalidates a policy issued on the basis of such application…without inquiry into the presence of a conscious design to defraud.").

Plaintiff also avers, both in its papers and through counsel at the March 17 hearing, that the false information was supplied not by plaintiff, but rather by USLI itself or the insurance broker-agent, Mr. Gottlieb. *See* ECF No. 17-7 at ¶¶ 7-10; ECF No. 31.  In its Supplemental Filing, plaintiff further asserts that the instant case is analogous to *Valley Forge Life Ins. Co. v. Liebowitz*, DKC-03-1809, 2005 WL 600330, at *5 (D. Md. Mar. 15, 2005).  In *Valley Forge*, the Court concluded that the insurer could not rescind a life insurance contract based on a misrepresentation in the application because the insurance agent who completed the application was an agent of the insurer and had knowledge of the misrepresentation at the time it was made.

However, this Court in *Valley Forge* expressly recognized that an insurance broker-agent may serve as legal agent of both the insured and the insurer at different points in the transaction: "[a] broker may act as an **agent of the insured with respect to procuring insurance** and then act as the insurer's agent for purposes of delivering the policy and collecting the premium." *Valley Forge*, 2005 WL 600330, at *6 (quoting *Grain Dealers Mut. Ins. Co. v. Van Buskirk,* 241 Md. 58, 66, 215 A.2d 467 (1965)) (emphasis added).  This principle is well-established both in governing case law and in a leading treatise on insurance law:

> [A] broker is not necessarily an agent of the insurer.  A broker is 'one who acts as a middleman between the insurer and insured....' *Med. Mut. Liab. Ins. Soc. of Maryland v. Mut. Fire, Marine and Inland Ins. Co.,* 37 Md.App. 706, 379 A.2d 739, 743 (Md.Ct.Spec.App.1977). Brokers generally are agents of the insured, not the insurer. *See Am. Cas. Co. of Reading, Pa. v. Ricas,* 179 Md. 627, 22 A.2d 484, 487 (1941) (noting that '[o]rdinarily, the relation between the insured and the broker is that between principal and agent').  **In some cases, however, the broker is an agent of the insurer and in other cases it may be an agent of**

> **both parties at different points in the transaction**.  3 Couch on Insurance §
> 45:3 (3d ed.1997).

*Essex Ins. Co. v. Hoffman*, 168 F. Supp. 2d 547, 558 (D. Md. 2001) (emphasis added).  *See also*

*Sadler v. Loomis Co.*, 139 Md. App. 374, 393, 776 A.2d 25, 36 (2001) (Hollander, J.) (discussing

the respective duties of broker and agent under Maryland law).

In the instant case, the record unambiguously reflects the fact that Michael Gottlieb,

the insurance broker-agent who procured the Policy for Dominant, did so in the capacity as

a legal agent of Dominant.  The sworn affidavit of Moshe Rubin[8] states that, "I requested

Michael Gottlieb of Herman E. Wealcatch Inc., an insurance agency and authorized agent of

Defendant ("Agent"), to obtain insurance for Dominant Investments 113, LLC."  (ECF No.

17-2 at ¶ 3.)  The affidavit of Reuven Lurie similarly states that, "[w]e requested Michael

Gottlieb ("Agent"), of Herman E. Wealcatch Inc. to obtain insurance for us."  (ECF No. 17-

3 at ¶ 3.)  As his own affidavit makes clear, there can be no doubt that Mr. Gottlieb

understood that he was acting as Dominant's broker (and legal agent) when he procured the

policy from USLI: "I was requested **by my client** Dominant Investments to obtain

insurance for a property which was to be the subject of renovation."  (ECF No. 17-7 at ¶ 2)

(emphasis added.)  These three sworn affidavits attest to the fact that Gottlieb procured the

policy as Dominant's legal agent, and Dominant is thereby bound by any misrepresentations

made by its agent.  *See Am. Cas. Co. of Reading, Pa. v. Ricas,* 179 Md. 627, 22 A.2d 484, 487

(1941).

---

[8] While his affidavit merely states that Mr. Rubin has an "insurable interest" in Dominant, at the March 17 hearing, counsel for Dominant stated that Mr. Rubin, the party representative seated at counsel table, was Dominant's sole owner.

As Dominant was bound by the application, so, too, was it subject to the "heavy burden to provide the correct information in their applications" which Maryland law imposes on insurance applicants. *Harris*, 2013 WL 6095496, at *6. Indeed, "where the insured has the means to discover the falsity in the representation, but fails to correct the falsehood, he will be charged with the misrepresentation upon which the policy was procured." *Id.* (citing *Commercial Cas. Ins. Co. v. Schmidt*, 166 Md. 562, 171 A. 725, 729 (1934)). Similarly, Maryland courts have held that:

> "[i]t is immaterial that it is the agent who inserts false statements about material matters in an application for insurance, **because if the assured [*sic*] has the means to ascertain that the application contains false statements, he is charged with the misrepresentations just as if he had actual knowledge of them and was a participant therein."**

*Serdenes v. Aetna Life Ins. Co.,* 21 Md. App. 453, 319 A.2d 858, 863 (Md. Ct. Spec. App. 1974) (emphasis added).[9]  *See also Jackson v. Hartford Life & Annuity Ins. Co.*, 201 F. Supp. 2d 506, 511 (D. Md. 2002).

In sum, plaintiff's several efforts to distance itself from the misrepresentation made on the application are to no avail. Plaintiff was bound as a matter of law by the application and the misrepresentation which it contains.

### 3.  Plaintiff's Misrepresentation in the Insurance Application was Material

The second prong of the test for contract rescission requires the Court to "determine whether the misrepresentation was material to the risk assumed by the insurer." *Harris*, 93 F.

---

[9] Even if this were not the case, it is evident that plaintiff seeks to be bound by the contract: only were the contract binding could plaintiff state a plausible claim for breach thereof.  Insofar as plaintiff seeks to be bound by the policy, so too must plaintiff be deemed to have ratified the insurance application by accepting the policy, paying premiums to maintain coverage, and making a claim for benefits under the policy. *See Blum v. Blum*, 59 Md. App. 584, 594, 477 A.2d 289, 294 (1984) ("[A] party may not affirm the favorable part and avoid the unfavorable part" of a contract).

Supp. 3d at 432.  This Court repeatedly has held that an uncontested affidavit from an insurer's underwriting department that a policy would not have been issued if the insurer had known of the applicant's misrepresentation is "adequate to find materiality as a matter of law." *Essex Ins. Co. v. Hoffman*, 168 F. Supp. 2d 547, 552 (D. Md. 2001).  *See also Bryant v. Provident Life and Accident Ins. Co.*, 22 F. Supp. 2d 495, 499 (D.Md.1998).

In this case, defendant has submitted the affidavit of Donald Spence, Vice President of Corporate Underwriting at USLI.  (ECF No. 15-3.)  In his affidavit, Mr. Spence states that USLI's underwriting guidelines do not permit the company to issue policies for properties built prior to 1900, and that "[i]f an agent attempted to obtain a quote for building property coverage and for real property that was built before 1900, USLI would decline to issue policy without offering a quote **without any exceptions**."  (*Id.* at ¶ 14) (emphasis added). Defendant has also submitted a portion of its Underwriting Guidelines which, in the subsection entitled "Property General Eligibility," excludes the writing of building policies for "building[s] built prior to 1900."  (ECF No. 15-5 at 4, "USLI General Underwriting Guidelines, I.G.3.e.)  Plaintiff offers no evidence to contradict defendant's assertion that had it known about the misrepresentation, defendant would not have issued the policy. Consequently, there is no genuine dispute regarding the materiality of the misrepresentation of the year that the property was built.

As plaintiff's insurance application contained material misrepresentation, defendant was entitled to rescind the Policy, and the policy is void *ab initio*.  Accordingly, defendant

cannot be liable for breach of the policy and is entitled to summary judgment as to Count I of the Amended Complaint.[10]

### B.  Count II (Breach of Statutory Duty of Good Faith)

Defendant argues that it is entitled to summary judgment on Count II of the Amended Complaint (Breach of Statutory Duty of Good Faith) because plaintiff may not, as a matter of law, state a claim for breach of duty of good faith absent a showing that defendant breached the contract.  (ECF No. 15 at 30-31.)  In opposition, plaintiff asserts that the duty of good faith claim may stand independently from the underlying breach of contract claim and points to numerous allegedly bad faith acts of defendant to oppose entry of summary judgment.[11]  (ECF No. 17 at 51-53.)

While plaintiff is correct that Md. Code Ann., Cts. & Jud. Proc. § 3–1701, creates an independent statutory cause of action against insurers for breach of the duty of good faith in performing under insurance contracts, a plaintiff may only prevail on such a claim where the plaintiff proves that it was entitled to coverage under the policy.  As this Court noted in *Cecilia Schwaber Trust Two v. Hartford Acc. & Indem. Co.*, 636 F. Supp. 2d 481, 488 (D. Md. 2009), cited by both parties in their briefs:

> the jury could not find that [the insurer] failed to act in good faith unless it finds that [the insurer] breached the insurance contract. … The statute provides that the **remedies available … can be recovered only "if the trier of fact ... finds in favor of the insured *and* finds that the insurer failed to act in good faith...."**

---

[10] As the Policy is void *ab initio* and defendant entitled to summary judgment as to Count I on this basis, the Court need not reach the question of whether plaintiff breached any of the Policy's Protective Safeguards Endorsements, discussed at length in the parties' briefs.

[11] During the March 17 hearing, counsel for Dominant appeared to concede that Count II was not viable if plaintiff did not prevail on Count I.

*Schwaber*, 636 F. Supp. 2d at 488 (quoting § 3–1701(e)) (emphasis added). Following *Schwaber*, this Court later stated in *All Class Const., LLC v. Mut. Ben. Ins. Co.*, 3 F. Supp. 3d 409, 417 (D. Md. 2014), that:

> the jury could not find that the insurer failed to act in good faith unless it finds that the insurer breached the insurance contract, []. This makes sense as a civil action under section 3–1701 only allows recovery of actual damages under the insurance policy, and no actual damages under an insurance policy can be claimed by one who is not entitled to coverage under the policy. **Thus, conduct characterized as evidencing a lack of good faith that accompanies a correct decision denying coverage does not itself create coverage when the insured is not otherwise entitled to it**.

*All Class*, 3 F. Supp. 3d at 417 (emphasis added).

In this case, having determined (1) that defendant properly rescinded the insurance policy on the basis of plaintiff's material misrepresentation in the application and (2) that defendant is entitled to summary judgment on plaintiff's breach of insurance contract claim (Count I), so, too, must the Court conclude that defendant is entitled to summary judgment as to Count II, plaintiff's claim for breach of the statutory duty of good faith under § 3–1701 of Maryland's insurance article.

## CONCLUSION

For the reasons stated above, defendant United States Liability Insurance Company's Motion (ECF No. 15) is GRANTED, and summary judgment shall be ENTERED in favor of USLI on both counts of the Amended Complaint.

A separate Order follows.

Dated: March 27, 2017                                   _____/s/_____

                                                        Richard D. Bennett
                                                        United States District Judge